IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TRUSTEES OF CONNEAUT LAKE | : | Bankruptcy No. 14-11277-JAD |
| PARK, INC., | : | |
| Debtor, | : | Chapter 11 |
| _____X | | |
| | : | |
| GARY HARRIS, INDIVIDUALLY | : | |
| AND AS ALTER EGO FOR MM-E | : | Adversary No. 16-1039-JAD |
| HOLDING TRUST, CONCORE | : | |
| HOLDING TRUST, RICHMAN | : | Related to Doc. 1, 12, 13, 17 |
| HOLDING TRUST AND 3470 CORP.: | | |
| D/B/A/ THE WATER COMPANY, | : | |
| | : | |
| Plaintiff, | : | Doc. No. |
| | : | |
| v. | : | |
| | : | |
| TRUSTEES OF CONNEAUT LAKE | : | |
| PARK, INC., | : | |
| Defendant. | : | |
| _____X | | |

## MEMORANDUM OPINION

The primary issue before the Court is whether the Plaintiff's claims and causes of action against the defendant are time barred.[1] For the reasons set forth below, the Court concludes that the Plaintiff's claims are stale and that this Adversary Proceeding should be dismissed.

---

[1] The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This Adversary Proceeding and the related objection to claim are core proceedings over which this Court may enter final judgment pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (K), (M) and (O).

1

# I.
## Allegations of the Complaint

This Adversary Proceeding is a property dispute that's been percolating since the mid to late 1990's.

The Defendant is the Trustees of Conneaut Lake Park, Inc. (referred to herein as the "**Defendant**" or "**TCLP**"). TCLP is the reorganized debtor who owns and/or operates an amusement park consisting of land, buildings, rides and other facilities located on or near the shore of Conneaut Lake in Crawford County, Pennsylvania.

The Plaintiff in this Adversary Proceeding is Mr. Gary Harris. Mr. Harris commenced this action in his own name and as the purported "alter ego" of various trusts or entities that he owns and/or controls. Those alleged trusts and/or entities are: MM-E Holding Trust, 16401 Holding Trust, Concore Holding Trust, Richman Holding Trust, Resort Holding Trust, and 3740 Corp. d/b/a The Water Company. Collectively, these entities are referred to herein as the "**Harris Entities**." The "**Harris Entities**" and Mr. Harris are collectively referred to herein as the "**Plaintiff**."

By this Adversary Proceeding, the Plaintiff seeks a judgment declaring it as "the owner of the water company and its systems and equipment at" Conneaut Lake Park. See Complaint at ¶19. As to the water company assets, the Plaintiff further seeks a judgment declaring it as the owner of the water company contracts and accounts. See Complaint at ¶20. The Plaintiff also seeks a judgment declaring it to be the "sole and exclusive owner of

amusement park rides and games et al [sic] used or stored at" Conneaut Lake Park. See Complaint at ¶23.

The Plaintiff seeks to have all of the assets that are the subject of this Adversary Proceeding "returned and restored" to the Plaintiff. See Complaint at ¶¶20 and 24. In this regard, the Plaintiff seeks control of these assets by way of injunctive relief enjoining the Defendant from transferring or otherwise disposing the disputed assets. See Complaint at ¶¶21, 24 and 25.[2]

## II.
## Prior State Court Litigation[3]

Mr. Harris, through various entities he owned or controlled, purchased Conneaut Lake Park in 1996. Thereafter, he purportedly caused the park assets to be assigned or conveyed to various entities.

This Adversary Proceeding is not the first litigation involving the disputed assets. In an equity action filed in 1998 in the Court of Common Pleas of Crawford County (the "**Equity Action**"), the validity of a settlement agreement concerning the disputed assets was ruled to be unenforceable by way of an *Adjudication* rendered in February 20, 2003 by President Judge Gordon R. Miller. A copy of the *Adjudication* is annexed at Exhibit "B" to the

---

[2] To obtain an injunction, the Plaintiff must prove, among other things, that the Plaintiff's cause of action has a "likelihood of success." Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc., 765 F.3d 205, 215 n.9 (3d Cir. 2014). As set forth herein, the Plaintiff's Complaint is time barred and has no likelihood of success.

[3] The authenticity of the documents filed of record in the state court proceedings is not in dispute. In addition, with respect to the copies of the state court record filed in this Adversary Proceeding, the Court takes judicial notice of the contents of the same pursuant to Federal Rule of Evidence 201.

3

Defendant's *Brief in Support of Motion to Dismiss Complaint or, in the Alternative, for a More Definite Statement*, which is filed at ECF Doc. #13.[4]

As found by President Judge Miller, the directors of TCLP believed that TCLP owned all of the assets at the park "lock, stock and barrel" and Mr. Harris and/or the Harris Entities (through a separate entity owned, controlled or managed by Mr. Harris called Asset Management) disputed this assertion. See *Adjudication* at ¶¶15 and 75.

In his *Adjudication*, President Judge Miller defined the "Park" as the "land, buildings, rides and other facilities and asset[s]" at Conneaut Lake Park See *id.* at p. 3. President Judge Miller also found that "Mr. Harris expressly represented that the Park was being transferred to TCLP 'lock, stock and barrel.'" See *Adjudication* at p. 24. Ultimately, the Court of Common Pleas of Crawford County did not adjudicate the ownership issue as to the disputed rides when it rendered the settlement agreement unenforceable. See *Adjudication* at n. 6, p. 39.

Nonetheless, the record reflects that while the Equity Action was pending, Asset Management filed a replevin action against TCLP and others on July 13, 1999 at Case No. AD 1999-746 in the Court of Common Pleas of Crawford County.

---

[4] In his *Adjudication*, President Judge Miller describes at length the tortured history regarding the conveyances and alleged conveyances of real and personal property at Conneaut Lake Park. Included in his *Adjudication* is a summary of the conveyances purportedly orchestrated by Mr. Gary Harris to avoid forfeiture of assets in connection with his criminal conviction for tax evasion and racketeering in the United States District Court for the Northern District of Ohio. See *Adjudication* at ¶¶9-48.

4

The complaint in replevin was amended on April 11, 2001 (the **"Replevin Complaint"**). See ECF Doc. #34 at Exhibit "1". Paragraph 2 of the Replevin Complaint avers that Asset Management "manages the affairs and has the express authority to act on behalf" of certain of the Harris Entities. Paragraph 3 of the Replevin Complaint avers that certain of the Harris Entities claimed ownership of the amusement rides at Conneaut Lake Park and demanded their replevy.

On July 10, 2002, President Judge Miller issued an order granting summary judgment in favor of TCLP and dismissed the Replevin Action on the basis that Asset Management lacked the authority to pursue the action on behalf of the averred Harris Entities. See ECF Doc. #34 at Exhibit 7. The Court of Common Pleas also refused Asset Management's motion for reconsideration (which had requested permission of certain of the Harris Entities to intervene and to file an amended complaint in replevin). This determination of the trial court was affirmed by the Superior Court of Pennsylvania on August 22, 2003. Pursuant to its opinion the Superior Court of Pennsylvania wrote:

> We find no abuse of discretion in the court's refusal to allow Asset Management to name new plaintiffs to an action originally filed in July 13, 1999. The motion for reconsideration was filed well beyond the expiration of the two-year statute of limitations for actions in replevin, and was also filed the day before trial was set to commence... Thus, amendment to name the four trusts as plaintiffs would clearly have been improper.

See ECF Doc. #34 at Exhibit 7.

5

3740 Corp. is also no stranger to the litigation referenced above. In the Equity Action, 3740 Corp. opposed the custodian of TCLP's efforts to sell the sewer system at Conneaut Lake Park. 3740 Corp. sought to intervene in the Equity Action to block the sale. By *Memorandum Order* dated January 28, 2003, Judge Anthony J. Vardaro denied 3740 Corp.'s application to intervene in the Equity Action. See ECF Doc. #31 at Exhibit "C".

In those proceedings Mr. Harris personally requested to intervene because the custodian of TCLP sought to sell other personal property in which Mr. Harris claimed an interest. Mr. Harris' request was denied as being untimely. In reaching its decision, the Court of Common Pleas noted that if Mr. Harris claimed ownership of personal property at Conneaut Lake Park "he could have filed a replevin action long ago to recover that property or if he believes the property was stolen or somehow no longer on the Conneaut Lake Property, he certainly could have filed a legal action to recover from those he felt to be responsible." See *Memorandum Order* at p. 11-12. Thereafter, in 2005, Mr. Harris filed within the Equity Action a *Motion to Release Personal Property*, which the Court of Common Pleas denied by way of an order dated March 18, 2005. See Exhibit "E" to the *Supplement/Addendum to Motion to Dismiss* filed at ECF Doc. #37. The denial was based upon res judicata and lack of standing.

## III.
## The Instant Motion to Dismiss

The matter presently before the Court is the *Motion to Dismiss Complaint or, in the Alternative, for a More Definite Statement* (the "**Motion to Dismiss**") filed by the Defendant. By the Motion to Dismiss, the Defendant asserts a myriad of defenses sounding in want of jurisdiction or res judicata.

Given that the foundation of these defenses rested on the prior judgments made in the state court system, the Court directed the parties to supplement the record in this case by filing copies of the state court judgments and related documents. The Court also afforded the parties the opportunity to file supplemental briefs. See e.g. *Order Signed on 11/14/2016 Directing Parties To Jointly Produce Prior Court Orders Regarding Issues Presented In This Adversary Proceeding* filed at ECF Doc. #27; and *Order Signed on 1/17/2017 Permitting Plaintiff To File Responsive Pleading To Defendant's Supplement In Support of Motion to Dismiss And Brief In Support Of Supplement To Motion to Dismiss no later than February 1, 2017* filed at ECF Doc. #44.

In response to this Court's directives, the parties filed various documents with the Court. Of note, the Defendant filed a *Brief in Support of Supplement to Motion to Dismiss*, in which TCLP asserts that the Plaintiff's claims are barred by the applicable statutes of limitation and should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) and Fed.R.Bankr.P. 7012. See *Brief in Support of Supplement to Motion to Dismiss* at pp. 4-6. The

7

Plaintiff also filed a *Supplemental Brief* at ECF Doc. #48 disputing the Defendant's statute of limitations defense.[5] This Memorandum Opinion addresses the merits of this defense and the Plaintiff's opposition thereto.

## Standard for Motions to Dismiss

Fed.R.Civ.P. 12(b)(6) provides that complaints may be dismissed for "failure to state a claim on which relief can be granted."

In deciding such a motion, the Court "may consider material which is properly submitted as part of the complaint...without converting the motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested. Id.

The Court may also consider: documents the complaint incorporates by reference or are otherwise integral to the claim (see Rosenfield v. HSBC Bank, USA, 681, F.3d 1172, 1178 (10th Cir. 2012), Brownmark Films, LLC v. Comedy Partners, 682 F.3d 687, 690 (7th Cir. 2012), Building Indus. Elec. Contractors Ass'n v. City of New York, 678 F.3d 184, 187 (2d Cir. 2012)), information subject to judicial notice (see Schatz v. Republication State Leadership Comm., 669 F.3d 50, 55-56 (1st Cir. 2012, Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012), Gee v. Pacheco, 627 F.3d

---

[5] The Plaintiff also alleges that the Defendant should not be permitted to assert the statute of limitations because of the Defendant's "unclean hands." ECF Doc. #48 at 4. Nothing in the record reflects the preclusion of the Plaintiff from having properly filed his replevin action sooner. In fact, the record demonstrates that the Plaintiff is no stranger to the courthouse having litigated these matters in some fashion or another for more than ten years.

8

1178, 1186 (10th Cir. 2012)), and matters of public record such as orders and other materials in the record of the case (see Miller v. Redwood Toxicology Lab, Inc., 688 F.3d 928, 931 n. 3 (8th Cir. 2012)).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556); see also Erickson v. Pardus, 551 U.S. 89 (2007)(applying Twombly standard to *pro se* complaint).

Determining whether a claim for relief is plausible is a "context-specific task" requiring the court to "draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. at 679 (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). "A pleading that offers 'labels and conclusions' or "a formulaic recitation to the elements of a cause of action will not do.'" Id. at 678.

Additionally, the court need not accept as true bald assertions (or bald conclusions or inferences), legal conclusions couched or masquerading as facts, or conclusions contradicted by the complaint's own exhibits or other documents of which the court may take proper notice. See Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008); Bishop v. Lucent Tech., Inc.,

9

520 F.3d 516, 519 (6th Cir. 2008); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(the court is not obligated to "swallow the plaintiff's invective hook, line, and sinker, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").

The Court also observes that while it analyzes a *pro se* plaintiff's allegations under the relaxed liberal pleading standard accorded to *pro se* litigants pursuant to Erickson v. Pardus, 551 U.S. at 94, the law is clear in that the Court is also not required to assume the role of advocate on behalf of the Plaintiff.[6] See Merryfield v. Jordan, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

### Dismissal for Failure to State a Claim

A fair reading of the Complaint is that the Plaintiff is asserting claims sounding in replevin. "Replevin is an action at law to recover the possession of personal property and to recover damages incurred as a result of the defendant's illegal detention of plaintiff's property." Transport Int'l Pool, Inc. v. United Transport Carriers, Civ. A. No. 02-8163, 2003 WL 1918973, at *3 (E.D. Pa. Apr. 21, 2003).

"To prevail in a replevin action, 'the plaintiff must show not only title, but also the exclusive right of immediate possession of the property in question.'" Susquehanna Commercial Fin., Inc. v. French, Civ. A. No. 10-7481, 2011 WL 1743503, at *4 (E.D. Pa. May 5, 2011) (quoting Ford Motor Credit Co. v. Caiazzo, 564 A.2d 931, 933 (Pa. Super. Ct. 1989)).

---

[6] The Court would note that while Mr. Harris purports to have commenced this Adversary Proceeding on a *pro se* basis, the Complaint he filed was actually ghost written by legal counsel who had a limited, yet undisclosed, engagement agreement with Mr. Harris.

The Complaint filed by the Plaintiff falls squarely within the parameters of a replevin action (even though the text of the Complaint itself omits the word "replevin"). The Court reaches this conclusion because the Complaint unequivocally alleges that (a) the Plaintiff is the true owner of the disputed assets, (b) the Plaintiff is entitled to have the assets "returned and restored" to the Plaintiff, and (c) the Defendant should be enjoined from transferring or otherwise disposing the disputed assets.

With the Complaint being, in substance, a replevin action, the question before the Court is whether applicable statutes of limitation should bar the Plaintiff's cause of action?

As a preliminary matter, it should be emphasized that courts have held that a statute of limitations defense may be considered in the context of a motion to dismiss when "the complaint facially shows noncompliance with the limitations period and the affirmative defense [of the running of the statute of limitations] clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1984); see also Berkery v. Verizon Comm., Inc., 658 Fed.Appx. 172. 174 (3d Cir. 2016).

In addition, courts may also consider a statute of limitations defense when both the face of the complaint and the public record of which the court may take judicial notice demonstrate that the running of the statute of limitations has occurred. Newman v. Krintzman, 723 F.3d 308, 309 (1st Cir. 2013); cf. Schmidt v. Skolas, 770 F.3d 241, 249-50 (3d Cir. 2014)(holding that pre-answer dismissal not appropriate, when decision rested on extrinsic

affidavits in addition to public SEC documents and averments identified in the complaint).[7]

There is a two-year statute of limitations for claims of replevin under Pennsylvania law. 42 Pa. Cons. Stat. Ann. § 5524(3); Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294, 300 (3d Cir. 1996)("The Pennsylvania statute of limitations on replevin is two years.").

In addition, a claim for declaratory relief "is governed by the applicable statute of limitations on the concurrent legal remedy." Algrant v. Evergreen Valley Nurseries Ltd. P'ship, 126 F.3d 178, 184-85 (3d Cir. 1997) (applying the statute of limitations of 42 Pa. Cons. Stat. Ann. § 5524(7) to a declaratory relief action). Again, as set forth above, the concurrent legal remedy in this case is replevin—which has a two-year statute of limitations.

In a replevin action, the statute of limitations does not begin to run until the right to bring an action arises; and the right to bring an action arises only upon an act by the possessor that is inconsistent with the owner's rights. See MacDonald v. Leverington Constr. Co., 200 A. 8, 9 (Pa. 1938). See also Zuk, 103 F.3d at 300 (noting that claim for replevin had arisen once defendant's

---

[7] Considering TCLP's statute of limitations defense in light of the state court record submitted by the parties in this Adversary Proceeding is also appropriate under the summary judgment rules. When a court considers matters extrinsic to the complaint, the law provides that the court may convert a defendant's motion to dismiss into a motion for summary judgment pursuant to Fed.R.Civ. 56 and Fed.R.Bankr.P. 7056. See Fed.R. Civ.P. 12(d) and Fed.R.Bankr.P. 7012. In the case at bar, the Plaintiff filed his own extrinsic papers which provided no cognizable rebuttal to the Defendant's statute of limitations defense. As such, no genuine dispute of material fact exists, and judgment as a matter of law dismissing the Adversary Proceeding is warranted. Jakimas v. Hoffman-La-Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) and holding that to overcome summary judgment, the non-moving party must produce more than a mere scintilla of evidence on which a jury could reasonably find for the non-movant).

possession was "open, notorious, and under claim of right"); cf. Priester v. Milleman, 55 A.2d 540, 542 (Pa. Super. Ct. 1947) ("When chattels are placed into the possession of another and are to be returned at a fixed time, as in the case of a conditional sale and undoubtedly in a bailment, the right of action accrues immediately upon a default.").

Taking the factual allegations contained in the Plaintiff's Complaint as true, and duly considering the undisputed state court record filed by the parties, the Court finds that the Plaintiff was dispossessed from the disputed assets on January 29, 1999 at the latest. The Plaintiff admits as much in his *Objection to Defendant's Motion to Dismiss* and filed at ECF Doc. #17 where he writes:

> The Plaintiff objects to the Debtor's claim that no attempt had been made to exercise any control, possession, or maintenance of the personal property in question. The Crawford County Court and its appointed custodians, William Jordan and Herbert Brill barred the Plaintiff from Park grounds under the threat of criminal trespassing (see Exhibit D/Court Order dated January 29, 1999 and Exhibit E/Jorden Letter).

See *Gary Harris, Plaintiff, Objection to Defendant's Motion to Dismiss* at p.2. As such, the two-year statute of limitation for Mr. Harris to bring his cause of action began to run in early 1999.

However, the instant Adversary Proceeding was commenced on August 3, 2016, more than fifteen years after Mr. Harris was aware that he was precluded from the disputed assets. This action was also filed (a) more than fourteen years after President Judge Miller both dismissed Asset Management's Replevin Action and denied as untimely the requests of Mr.

13

Harris and certain of the Harris Entities to intervene, (b) more than thirteen years after President Judge Miller's *Adjudication* in the Equity Action wherein he summarized TCLP's view that it owned the park assets "lock, stock, and barrel," (c) more than thirteen years after Judge Vardaro denied the efforts of both 3740 Corp. and Mr. Harris to intervene in the Equity Action as being untimely, and (d) and more than eleven years after Mr. Harris unsuccessfully sought to compel the release of personal property by way of the *Motion to Release* filed in the Equity Action.

There can only be one conclusion resulting from this history: the Plaintiff's claims as to the disputed assets[8] are barred by the applicable statute of limitations.

The Plaintiff nonetheless disputes the statute of limitations defense posed by TCLP. In this regard, the Plaintiff contends that the undisputed record evidences that the statute of limitations has been tolled. Towards this end, the Plaintiff cites two facts in support of the Plaintiff's tolling argument. One, is the fact that Mr. Harris was incarcerated during a period of time while the custodianship was pending. Two, is the fact that the custodianship was pending in the first instance.

As to incarceration, the mere fact that a litigant was imprisoned does not relieve a plaintiff from the passing of the applicable statute of limitations.

---

[8] The Court notes that none of the parties have asserted that the water system at Conneaut Lake is considered a fixture, and thus should be treated as real estate. To the extent the water system is a fixture and is real estate, this asset was deeded to TCLP in 1997. See *Adjudication* at pp. 8-10; see also Smith v. Weaver, 665 A.2d 1215, 1218 (Pa. Super. 1995)("fixture is an article in the nature of personal property which has been so annexed to the realty that it is regarded as part and parcel of the land").

14

42 Pa. Cons. Stat. Ann. § 5533(a) provides as much because it plainly states that "imprisonment does not extend the time limited" by Pennsylvania's statutes of limitation.

As to the custodianship, it is true that on January 29, 1999 an order was entered by Court of Common Pleas Judge Anthony J. Vardaro that appointed the custodian as a receiver to take control of TCLP's assets. See *Gary Harris, Plaintiff, Objection to Defendant's Motion to Dismiss* (filed at ECF Doc. #17) at Exhibit "D". This order also precluded any person or entity from removing or tampering with property located at Conneaut Lake Park. Id. In essence, the relevant provisions of Judge Vardaro's order precluded any person or entity from exercising self-help as to TCLP's assets. Of course, the order itself noted that no party may remove, destroy or tamper with TCLP's assets "pending further Order of Court…" Thus, the order allowed for the judicial process to be utilized to determine any ownership issues as to property claimed by TCLP.[9] As such, the order of the Common Pleas Court does not toll any statute of limitations with respect to competing claims of ownership of any property at the park. This Court's conclusion in this regard is consistent with later opinions and/or orders by Judge Vardaro and President Judge Miller which indicated that replevin actions by the Plaintiff

---

[9] Under Pennsylvania law the appointment of a receiver does not change the debtor's rights or interests in property. Sovereign Bank v. Schwab, 414 F.3d 450, 455 (3d Cir. 2005)(citing Warner v. Conn, 32 A.2d 741, 741 (Pa. 1943)(explaining that a receiver "takes only the interest of the owner subject to" valid interests of others in the property); Commonwealth Trust Co. v. Harkins, 167 A. 278, 281 (Pa. 1933)(noting that a "receivers stand in the shoes of the owner and take only his interest in the property subject to all valid liens against it"); and Pearson Mfg. Co. v. Pittsburgh Steamboat Co., 163 A. 680, 682 (1932)(explaining that receiver takes only interest of owner of the property)).

were stale. This Court's conclusion is also consistent with the Superior Court of Pennsylvania which also concluded that the Plaintiff's replevin actions were time barred.

The Court further observes that the state court record provides that the custodianship was terminated by an order of court dated June 29, 2007. See Exhibit "D" *Defendant's Supplemental/Addendum to the Record* (ECF Doc. #31) at p. 110. Even if the custodianship's pendency served to toll the statute of limitations, the tolling period ended when the custodianship ended. As such, under circumstances viewed most favorable to the Plaintiff, the statute of limitations expired in June of 2009 (which is over seven years prior to the filing of this Adversary Proceeding).

As a matter of law, the passing of the statute of limitations period (coupled with TCLP's continuous, notorious or open, and exclusive possession of the disputed assets) extinguished any claim of title that the Plaintiff may have to the disputed assets and transferred such title to the Defendant. See Gee v. CBS, Inc., 471 F. Supp. 600, 653-54 (E.D. Pa.)(opinion by Becker, J.), *aff'd*, 612 F.2d 572 (3d Cir. 1979); Priester v. Milleman, 55 A.2d 540, 543 (Pa. Super. Ct. 1947); BuyFigure.com, Inc. v. Autotrader.com, Inc., 76 A.3d 554, 562 (Pa. Super. Ct. 2013); and Lightfoot v. Davis, 91 N.E. 582, 583-84 (1910).

Accordingly an order shall be entered that dismisses this Adversary Proceeding for failure to state a claim. In addition, given that the Court is dismissing the Plaintiff's Adversary Proceeding on statute of limitations

grounds, the Court need not consider the remaining defenses argued by the Defendant because those defenses have been rendered moot.

## IV.
## Impact of Statute of Limitations on the Objection to Claim

The Court's determination above impacts the allowability of the proof of claim filed by Mr. Harris in the underlying bankruptcy case.

By way of background, on July 14, 2015, Mr. Harris filed a proof of claim at Claim #24 in the amount of $1,430,000.30 as "value paid for CLP contents, amusement rides, equipment, fixtures, tools, tractors, vehicles & water sewer system." The claim also seeks, as an alternative, the "return of contents." It also states "Park contents still owned by this creditor." The Debtor filed an objection to the allowance of Claim #24 at Case No. 14-11277 at ECF Doc. #465.

A fair reading of the proof of claim indicates that the claim is another vehicle by which Mr. Harris is seeking the replevy of the disputed assets; the Plaintiff essentially admitted as much at the October 28, 2016 hearing on the TCLP's objection to the claim. See *Transcript of Hearing Held 11/28/2016* filed at ECF Doc. #36 at pp. 12-15.

Given the duplicative nature of the proof of claim with the instant Adversary Proceeding, the parties agreed that the Claim's Objection should be consolidated with the Adversary Proceeding. Id. The parties also agreed that the outcome of this Adversary Proceeding will result in a similar outcome with respect to the proof of claim filed by Mr. Harris. Id. As a result, the Court entered an order consolidating these two proceedings.

With the Court having determined that the Adversary Proceeding is barred by the applicable statute of limitations, the same conclusion applies to the proof of claim filed by Mr. Harris. That is, the proof of claim filed by Mr. Harris at Claim #24 is disallowed.

## V.
## Conclusion

Because the relief requested by Plaintiff's Complaint is time barred, dismissal of the Complaint, with prejudice, is warranted. Because the proof of claim filed by the Plaintiff at Claim #24 mirrors the relief requested in the Complaint, disallowance of the claim is warranted as well. Appropriate Orders shall be issued consistent with this Memorandum Opinion.

February 3, 2017            /s/Jeffery A. Deller
                            JEFFERY A. DELLER
                            Chief U.S. Bankruptcy Judge

Case administrator to serve:

Gary Harris via email at ghxgroup@gmail.com and first class mail
Jeanne S. Lofgren, Esq.
George Snyder, Esq.
Office of U.S. Trustee

FILED
2/3/17 11:19 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA